UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**FRANK OCCHIPINITI,**

               **Plaintiff,**

vs.	Case No.   8:04-cv-2444-T-24MSS

**COMMISSIONER OF SOCIAL SECURITY,**

               **Defendant.**
_____/

## ORDER

This cause comes on for consideration upon the filing of Plaintiff's Motion for Remand Under Sentence Six of 42 U.S.C. § 405(g) (Dkt. 11), Plaintiff's Memorandum in Support of Motion to Remand (Dkt. 12) and the Commissioner's Memorandum in Opposition (Dkt. 15).

**I. BACKGROUND.**

**A.	Procedural Background.**

On April 30, 2002, Plaintiff applied for disability and disability insurance benefits alleging an onset of disability on January 16, 2002. (T. 18). His claim was denied initially, and a request for hearing was timely filed. (T. 18). A hearing was held on January 26, 2004, and disability benefits were denied by the Administrative Law Judge ("ALJ") in a January 30, 2004, decision. (T. 18-23). Plaintiff timely filed a request for Appeals Council review. (T. 10). The Appeals Council received additional evidence and made it part of the record. (T. 7). On September 22, 2004, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (T. 4). On November 9, 2004, Plaintiff filed this action for review.

Now, Plaintiff moves the Court to remand the case for further administrative proceedings to consider new and material evidence. (Dkt. 11 at 1). For the reasons that follow, the Court finds that the records are not material and declines to remand the case for further consideration.

**B. Medical History and Findings Summary.**

Plaintiff's medical history is set forth in the ALJ's decision. By way of summary, the medical evidence indicates that Plaintiff suffers from lumbar and cardiac impairments, as well as diabetes. (T. 19).

After considering the evidence, including medical records, the ALJ found that the foregoing impairments are severe within the meaning of the Regulation, but not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (T. 19). Next, the ALJ assessed Plaintiff's ability to work at the fourth and fifth stage of the sequential analysis. The ALJ evaluated Plaintiff's residual functional capacity ("RFC") to determine if he could return to his past relevant work or other work. (T. 19-21). The ALJ found that Plaintiff retained the RFC to perform medium work, and, while his underlying lumbar and cardiac impairments preclude heavy lifting, Plaintiff can lift twenty five to fifty pounds. (T. 20). Additionally, Plaintiff has no limitations on his ability to sit, stand, and walk. (T. 21-22). The ALJ subsequently concluded that based on Plaintiff's RFC, Plaintiff is capable of performing his past relevant work as a tractor-trailer/truck driver. (T. 21). As such, the ALJ concluded that Plaintiff is not disabled under the Act. (T. 22).

**II. DISCUSSION**.

**A.     Whether the Case Should be Remanded Pursuant to Sentence Six of 42 U.S.C. § 405 (g).**

The Court will remand a claim pursuant to sentence six only if the claimant demonstrates: (1) that there is new, non-cumulative evidence; (2) that the evidence is material such that "a reasonable possibility exists that the new evidence would change the administrative result;" and (3) that there is good cause for failure to submit the evidence. Falge v. Apfel, 150 F.3d 1320, 1323 (11th Cir. 1998).

**1.     Whether the Evidence Submitted by the Plaintiff Is New and Non-Cumulative.**

One of the three requirements of the sentence six remand is that the evidence Plaintiff has produced is new and non-cumulative. Plaintiff argues that the medical records dated November 13, 2003, through November 17, 2004, constitute new evidence that was not previously submitted in this claim. (Dkt. 11 at 1). The Commissioner asserts that the evidence is cumulative because Plaintiff concedes that the evidence is cumulative by describing that it will show additional evidence of his pain. (Dkt. 15 at 14). The Commissioner also contends that the evidence is cumulative because Plaintiff's pain and numbness were properly assessed and well documented in the record. (Dkt. 15 at 14).

The proffered evidence is "new" if it was not previously before the ALJ. Hyde v. Bowen, 823 F.2d 456, 459 (11th Cir. 1987). The evidence is "non-cumulative" if it provides objective medical evidence, which the ALJ had previously found to be inadequate, that supports Plaintiff's allegations. Id. (citing Caulder v. Bowen, 791 F.2d 872, 877 (11th Cir. 1986)).

The Court determines that the evidence submitted by Plaintiff is new and non-

cumulative. The evidence submitted by Plaintiff was not contained in the administrative record. No other evidence existed in the record specifically addressing Plaintiff's right carpel tunnel syndrome, which is raised in this "new" evidence. The record indicated that prior to the ALJ's decision Plaintiff's dexterity was intact, that his grip strength and pinch grip were five out of five, bilaterally, and that strength in his upper and lower right and left hands was five out of five. (T. 147). The record also indicated that Plaintiff's ability to push and pull, which included the operation of his hands and feet, was unlimited. (T. 153). The medical records submitted by Plaintiff now show evidence of right carpal tunnel syndrome. (Dkt. 11 at Ex. A, October 27, 2004). Regarding neuropathy, the prior record shows that Plaintiff did not suffer from neuropathy. (T. 136). The evidence submitted to the Court for the period postdating the decision suggests that Plaintiff may now suffer from sensory neuropathy as a result of his diabetes. (Dkt. 11 at Ex. A, October 27, 2004). Thus, the Court finds that the evidence is new and non-cumulative.

**2.    Whether the Plaintiff Has Shown Good Cause for Failing to Provide the "New" Evidence to the ALJ.**

A third requirement of a sentence six remand is a finding that good cause exists for Plaintiff's failure to submit the evidence to the ALJ. Plaintiff argues that the treatment that produced the evidence occurred after the date of the hearing. (Dkt. 11 at 2). The Commissioner asserts that nothing in the Plaintiff's motion provides an explanation for the failure to submit the evidence to the ALJ or establishes good cause. (Dkt. 15 at 15). The Commissioner also argues that Plaintiff does not claim that the ALJ improperly developed the record. (Dkt.15 at 15). The Commissioner further asserts that the proffering of this evidence is an attempt to buttress the record subsequent to an adverse decision, and that the Plaintiff can submit a second application if his condition has become worse since the

ALJ's decision. (Dkt. 15 at 16).

The good cause requirement is satisfied when the evidence submitted by Plaintiff was not in existence at the time of the ALJ's decision. Cannon v. Bowen, 858 F.2d 1541, 1546 (11th Cir. 1988). When it was in existence Plaintiff must offer good cause to explain the failure to submit the evidence timely. See Taylor v. Comm'r of Soc. Sec., 43 F. App'x 941, 943 (6th Cir. 2002).

The Court finds that good cause exists for Plaintiff's failure to provide the medical records that postdate the ALJ's opinion, but not the records that predate the opinion. The date of the ALJ's decision was January 30, 2004. (T. 23). One of the medical opinions submitted by Plaintiff is dated November 13, 2003. (Dkt. 11 at Ex. A, November 13, 2003). This medical record predates the ALJ's decision. Because this evidence was available during the period of adjudication by the ALJ and Plaintiff has not provided good cause for failing to submit the evidence to the ALJ for review, this medical opinion does not satisfy the requirement of good cause. As such, the Court finds that it is not required to address the materiality of the evidence.

The other evidence submitted by Plaintiff is dated from October 2004 through November 2004. (Dkt. 11 at Ex. A, October 6, 2004-November 17, 2004). This evidence postdates the ALJ's decision and was not in existence at the time of the administrative proceedings. As such, the Court finds that good cause exists for failing to submit this evidence to the ALJ for consideration.

    **3.**    **Whether the Evidence Submitted by Plaintiff Is Material.**

Having determined that the proffered evidence is not non-cumulative and that good cause exists for the failure to submit most of it, the Court must consider the materiality of the evidence properly offered by Plaintiff. Plaintiff asserts that the evidence submitted supports limitations not addressed by the ALJ, rendering it material to the decision. (Dkt. 11 at 2). The Commissioner argues the Plaintiff has made no allegation that the evidence relates back to the relevant time period, before and up through the date of the ALJ's decision. (Dkt. 15 at 14). Thus, the Commissioner contends the evidence is not material or even relevant to the period under adjudication. (Dkt. 15 at 14-15).

To satisfy the materiality prong, a reasonable possibility must exist that the new evidence will change the administrative outcome. Hyde v. Bowen, 823 F.2d 456, 459 (11th Cir. 1987). Thus, in order to be deemed material, the new evidence must relate back to the time period on or before the ALJ's decision date. Magill v. Comm'r of Soc. Sec., No. 05-11856, slip op. at 2 (11th Cir. Aug. 29, 2005) (citing 20 C.F.R. § 404.970(b) (2005).

Regarding the evidence submitted by Plaintiff that postdates the ALJ decision, the Court finds that the records are not material. The medical opinions are limited in that they do not include any limitation imposed by the medical professionals. (Dkt. 11 at Ex. A, October 6, 2004-November 17, 2004). To the extent that the medical records do contain conclusions regarding Plaintiff's carpel tunnel syndrome and sensory neuropathy, there are no opinions that Plaintiff is limited due to these conditions. (Dkt. 11 at Ex. A, October 6, 2004-November 17, 2004). Additionally, these opinions are findings that postdate the ALJ decision by ten to eleven months, and there is no indication that they relate back to the period under adjudication. (Dkt. 11 at Ex. A, October 6, 2004-November 17, 2004). Thus, the Court finds that the medical records are not material such that they would likely alter

6

the prior administrative outcome.[1]

### III. CONCLUSION.

The Court finds that the evidence submitted by Plaintiff does not satisfy the materiality requirement warranting a sentence six remand.  Therefore, the case should not be remanded.  Plaintiff's motion is therefore **DENIED**.  The Court will address by separate Order the claims remaining in this case as set forth in the parties' memoranda already on file.

**DONE** and **ORDERED** in Tampa, Florida on this 3rd day of February 2006.

_____
MARY S. SCRIVEN
United States Magistrate Judge

Copies to:
Counsel of Record

---

[1] Because the medical opinion from November 13, 2003, has been addressed above and found not to satisfy the good cause requirement, the question of its materiality is irrelevant.  Nevertheless, for the reasons that follow the Undersigned finds that the November 13 opinion is also not material.  The opinion appears to be an initial evaluation of Plaintiff instructing Plaintiff to retrieve additional information for his evaluation so that the physician can evaluate whether Plaintiff has any problems.  (Dkt. 11 at Ex. A, November 13, 2003).  The opinion contains no restrictions for Plaintiff and the notation of pain relied on by Plaintiff in his motion for remand at page 2 (Dkt. 11 at 2) was the physician's recitation of Plaintiff's subjective complaints as reported, not a finding of the physician.  (Dkt. 11 at Ex. A, November 13, 2003).