**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

**FRANK OCCHIPINITI,**

        **Plaintiff,**

**vs.**                         **Case No.   8:04-cv-2444-T-24MSS**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**
_____/

## ORDER

Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42, United States Code, §§ 405(g) and 1383(c)(3), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying claims for supplemental security income under the Act.[1]

The Undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case.

**I. BACKGROUND.**

    **A.**    **Procedural Background.**

On April 30, 2002, Plaintiff applied for disability and disability insurance benefits alleging an onset of disability on January 16, 2002.  (T. 18).  His claim was denied initially, and a request for hearing was timely filed.  (T. 18).  A hearing was held on January 26,

---

[1] The parties have consented to proceed before the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c) and the district court has referred the matter for final disposition.

1

2004, and disability benefits were denied by the ALJ in a January 30, 2004, decision. (T. 18-23). Plaintiff timely filed a request for Appeals Council review. (T. 10). The Appeals Council received additional evidence and made it part of the record. (T. 7). On September 22, 2004, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (T. 4). On November 9, 2004, Plaintiff filed this action for review.

**B.  Medical History and Findings Summary.**

Plaintiff's medical history is set forth in the ALJ's decision. By way of summary, the medical evidence indicates that Plaintiff suffers from lumbar and cardiac impairments, as well as diabetes. (T. 19).

After considering the evidence, including medical records, the ALJ found that the foregoing impairments are severe within the meaning of the Regulation, but not severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. (T. 19). Next, the ALJ assessed Plaintiff's ability to work at the fourth and fifth stage of the sequential analysis. The ALJ evaluated Plaintiff's residual functional capacity ("RFC") to determine if he could return to his past relevant work or other work. (T. 19-21). The ALJ found that Plaintiff retained the RFC to perform medium work and, while his underlying lumbar and cardiac impairments preclude heavy lifting, Plaintiff can lift twenty five to fifty pounds. (T. 20). Additionally, Plaintiff has no limitations on his ability to sit, stand, and walk. (T. 20-22). The ALJ subsequently concluded that based on Plaintiff's RFC, Plaintiff is capable of performing his past relevant work as a tractor-trailer/truck driver. (T. 21). As such, the ALJ concluded that he is not disabled under the Act. (T. 22).

**II.     STANDARD OF REVIEW**.

In an action for judicial review, the reviewing court must affirm the decision of the Commissioner if it is supported by substantial evidence in the record as a whole.  42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion."  Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).  If there is substantial evidence to support the Commissioner's findings, this Court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner.  See Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979).

No similar presumption of validity attaches to the Commissioner's legal conclusions; rather the Court reviews the application of law de novo.  See Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993).  If an error of law was committed by the Commissioner, the case must be remanded to the Commissioner for application of the correct legal standard.  See McDaniel v. Bowen, 800 F.2d 1026, 1029-1030 (11th Cir. 1986); Smith v. Heckler, 707 F.2d 1284, 1285 (11th Cir. 1983).  If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then a remand to the Commissioner for clarification is required.  See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

Against this standard, Plaintiff asserts three points of error: (1) that the ALJ failed to give proper weight to the opinion of Plaintiff's treating physician; (2) that the ALJ erred in his determination that Plaintiff could perform his past relevant work; and, (3) that the ALJ erred in not requiring the testimony of a vocational expert.

For the reasons that follow, the Undersigned **ORDERS** that the decision of the Commissioner be **AFFIRMED**.

**III.     DISCUSSION**.

   **A.     Whether the ALJ Gave Proper Consideration to the Opinion of Plaintiff's Treating Physician.**

In support of his contention that the ALJ failed to give proper consideration to the opinion of Plaintiff's treating cardiologist, Dr. Becker, Plaintiff relies on Dr. Becker's statement that Plaintiff is disabled as a truck driver. (T. 132).

Plaintiff asserts specifically that Dr. Becker stated that Plaintiff was disabled because of his hyperlipidemia, hypertension, diabetes and left ventricular dysfunction, and that Dr. Becker agreed with Plaintiff's union's assessment that Plaintiff is disabled as a truck driver. (Dkt. 12 at 11).  Plaintiff argues that the ALJ relied instead on the opinion of a consultative examiner, who performed an orthopedic evaluation and concluded that Plaintiff retained the RFC for work that would include his past relevant work as a truck driver.  (T. 20, citing to T. 146-49).   The Commissioner contends that Dr. Becker's statement that Plaintiff is disabled as a truck driver is not binding because the issue of ultimate disability is reserved to the Commissioner.  (Dkt. 15 at 6-7).  The Commissioner asserts further that the ALJ considered each medical opinion in his RFC assessment, and properly concluded that Plaintiff was not disabled.  Specifically the Commissioner notes that Plaintiff testified that the conditions upon which Dr. Becker based his opinion were not problematic for Plaintiff. (Dkt. 15 at 7). The Commissioner asserts that the ALJ considered each medical opinion in his RFC assessment including Dr. Becker's treatment notes and assessment, and that Plaintiff's testimony was consistent with the medical records, which lacked the placement of any functional limitations on Plaintiff's ability. (Dkt. 15 at 12).  Additionally, other than Dr. Becker's ultimate opinion that Plaintiff was disabled as a truck driver, no medical source placed any functional limitation on Plaintiff's ability to work. (Dkt. 15 at 12).

4

The controlling body of law on the priority of medical evidence provides that the treating physician's opinion may not be rejected absent good cause to the contrary. Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991). Furthermore, that good cause finding must be set forth expressly on the face of the ALJ's opinion. "Absent a showing of good cause to the contrary, the opinions of treating physicians must be accorded substantial or considerable weight by the Commissioner." Lamb v. Bowen, 847 F.2d 698, 703 (11th Cir. 1988)(citation omitted); MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir.1986). The reports of reviewing, non-examining physicians do not constitute substantial evidence on which to base an administrative decision. Spencer on Behalf of Spencer v. Heckler, 765 F.2d 1090, 1093 (11th Cir.1985); Strickland v. Harris, 615 F.2d 1103 (5th Cir.1980); Lamb, 847 F.2d at 703 ("The opinions of non-examining, reviewing physicians, ... when contrary to those of examining physicians are entitled to little weight in a disability case, and standing alone do not constitute substantial evidence.") Further, the good cause required before the treating physicians' opinions may be accorded little weight is not provided by the report of a non-examining physician where it contradicts the report of the treating physician. Johns v. Bowen, 821 F.2d 551 (11th Cir.1987).

This priority, known as the "treating physician rule," is borne out of the notion that treating physicians generally have more knowledge of the medical history of their patients and in that capacity are best qualified to assess the nature of the claimed disability. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997). Good cause exists to discount a treating physician's opinion when: 1) the opinion of the treating physician is not supported by the evidence; 2) the evidence supports a contrary finding; or 3) the opinion of the treating physician is conclusory or inconsistent with the physician's own medical records. Johnson v. Barnhart, 268 F. Supp. 2d 1317, 1327, 1329 (M.D. Fla. 2002), aff'd 69 Fed.

5

Appx. 991, 2003 WL 21283493 (11th Cir. May 22, 2003).

Dr. Becker found that Plaintiff was status post inferior wall myocardial infarction in June 1992.  (T. 131).  Dr. Becker also found that Plaintiff had multi-vessel coronary artery disease.  (T. 132).  Stents were placed in Plaintiff's left circumflex and diagonal lesion of his LAD in April 2002.  (T. 132).  Dr. Becker found that Plaintiff's left ventricular function was mildly to moderately impaired, and assessed him with stable Class II angina.  (T. 132). Class II angina includes individuals with cardiac disease that produces slight limitations on their physical activity.[2]  (T. 180).  Dr. Becker opined generally that Plaintiff was disabled as a truck driver and that his union would not allow him to drive with this degree of coronary artery disease.  (T.132).  Dr. Becker further agreed with the union's disposition based on Plaintiff's other risk factors of hyperlipidemia, hypertension, and diabetes.  (T. 132).

The Court finds that the ALJ gave proper consideration to the opinion of Dr. Becker and properly discounted his "legal conclusion" that he was disabled as a truck driver.  That is, the ALJ concluded that while Plaintiff was unable to engage in heavy lifting, he retained the RFC to perform medium work. (T. 20).  First, the ALJ factored Dr. Becker's medical diagnosis of Plaintiff's Class II angina into his RFC (T. 20), which the ALJ then used to determine if Plaintiff could perform his past relevant work.  (T. 21).  The ALJ properly discounted Dr. Becker's statement that Plaintiff is disabled as a truck driver, which was not based on medical diagnoses but on Plaintiff's union's restrictions as reported by Plaintiff (T. 132).  As the Commissioner argues, the determination of ultimate disability is within the sole purview of the ALJ and is dictated by standards set forth in the Act not those imposed by other agencies or entities.  20 C.F.R. §§ 404.1527(e)(1), 416.927(e)(1) (2000).  As such,

---

[2]  These individuals are comfortable at rest and their ordinary physical activity results in fatigue, palpitation, dyspnea, or anginal pain.  (T. 180).

6

the ALJ properly discounted that part of Dr. Becker's opinion which adopted Plaintiff's union's limitations as a basis for a finding of disability.

### B. Whether the ALJ Erred in Determining that Plaintiff Could Perform His Past Relevant Work.

Plaintiff next contends that the ALJ erred in determining that Plaintiff can perform his past relevant work. More specifically, Plaintiff contends that his past work as a truck driver should have been classified as heavy work rather than medium work. (Dkt. 12 at 13).

Plaintiff alleges that notwithstanding the title of his past relevant work, he testified that the work required lifting of up to 100 pounds, which comports with the description of heavy work. (Dkt. 12 at 14). Plaintiff further argues that he cannot perform his past relevant work because it has additional physical exertion requirements of heavy work, including restacking meat and produce pallets. (Dkt. 12 at 14). The ALJ found that Plaintiff can perform his past relevant work as it is performed in the national economy. (T. 21).

The burden of proof is on the Plaintiff to show he cannot perform past relevant work. Lucas v. Sullivan, 918 F.2d 1567, 1571 (11th Cir. 1990) (citing Cannon v. Bowen, 858 F.2d 1541, 1544 (11th Cir. 1988)). To meet the burden the Plaintiff must show an inability to do the previous type of work, not merely the specific job he held. Jackson v. Bowen, 801 F.2d 1291, 1293 (11th Cir. 1986) (citing DeLoatche v. Heckler, 715 F.2d 148, 151 (4th Cir. 1983)). A plaintiff can perform past relevant work if he can perform the specific job he held previously either in the manner in which he performed it or as it is performed in the national economy. Dudley v. Apfel, 75 F. Supp 2d 1381, 1382 (N.D. Ga. 1999) (citing S.S.R. 82-61).

As such, the ALJ properly relied on the Dictionary of Occupational Titles for the description of Plaintiff's job as it is performed in the national economy. The job of truck

driver is described as "medium work."  Medium work "requires the ability to lift up to 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds; the ability to stand or walk, off and on, for a total of approximately six hours in an eight-hour workday; use of the arms and hands to grasp, hold and turn objects; and frequent bending/stooping."  Coleman v. Barnhart, 264 F. Supp 2d 1007, 1010 (S.D. Ala. 2003) (quoting S.S.R. 83-10).  The ALJ then compared Plaintiff's RFC to the medium work requirement, concluding that Plaintiff's RFC comports with the definition of medium work.  Therefore, even if Plaintiff is correct that his particular previous job required greater exertional requirements than the description of the work in the Dictionary of Occupational Titles, the ALJ was correct in assessing Plaintiff's ability to perform his past relevant work as it is performed in the national economy.  As such, the Court finds that the ALJ did not err in his determination that Plaintiff can perform his past relevant work.

**C.    Whether the ALJ Erred in Not Requiring the Testimony of a Vocational Expert.**

Finally, Plaintiff contends that in order to assess his claim of disability the ALJ was required to retain the testimony of a vocational expert. (Dkt. 12 at 14-15).

The law requires an ALJ to obtain the testimony of a vocational expert to determine a claimant's residual functional capacity only if the claimant demonstrates that he cannot perform his past relevant work and other limitations preclude a full range of work at a given exertional level.  20 C.F.R. §§ 404.1569 and 404.1569a; Schnorr v. Bowen, 816 F.2d 578, 582 (11th Cir. 1987).

The Court finds that the ALJ was not required to call upon a vocation expert in this case where Plaintiff failed to meet his burden of proving that he cannot perform his past relevant work.

**IV. CONCLUSION.**

For the foregoing reasons, the Court finds that the ALJ gave proper consideration to the opinion of Plaintiff's treating physician, that the ALJ did not err in determining that Plaintiff could perform his past relevant work as it is performed in the national economy, and the ALJ was not required to obtain the testimony of a vocational expert. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant, pursuant to Fed. R. Civ. P. 58, and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida on this 3rd day of February 2006.

_____
MARY S. SCRIVEN
United States Magistrate Judge

Copies to:

Counsel of Record